IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF NORTH CAROLINA
Southern Division
Civil Action No.: 7:16-cv-00343-BR
In Admiralty

JOSEPH A. CASELLI, JR. and )
REBECCA G. CASELLI, )
                Plaintiffs, )
                 )
v. )
                 )
M/V SHINE (f.k.a. LAST CALL) )
(Official No. 696488), her engines, tackle )
furniture, appurtenances, etc., *in rem* )
KB MARINE, LLC, and )
MATTHEW SCOTT GRIFFIN, )
individually/in personam, )
                 )
                Defendants. )

**ENTRIES OF DEFAULT IN ACTION *IN REM*
AND AGAINST *IN PERSONAM* DEFENDANTS**

THIS MATTER is before the Court on Plaintiff's Motion for Entries of Default in action in rem and against in personam Defendants [DE#21] and Memorandum in Support of Plaintiff's Motion for Entries of Default in action in rem and against *in personam* Defendants [DE#22]; and, it appearing from the record that:

    1.    The Verified Complaint in this action was filed on October 5, 2016 [DE#1].

    2.    The M/V SHINE (fka LAST CALL) (Official No. 696488), her engines, tackle, furniture, appurtenances, etc. ("Vessel") was served with process and validly arrested in accordance with Supplemental Rule C on October 16, 2016 [see DE#15, 16 and 17].

    3.    Notice of the action and arrest of the Vessel has been given in accordance with Rules 55, C(4) and Local Admiralty Rules C(2) and (3).

4. The notice required by Supplemental Rule C(4) and Local Admiralty Rules C(2), (3), provided that anyone "who is entitled to possession or who claims an interest in the Vessel, must file a claim and serve an answer on or before **November 23, 2016**, otherwise, default may be entered and condemnation ordered" (emphasis added) and on November 18, 2016, Notice of Publication in the *Star News* (Wilmington, North Carolina) attaching an Affidavit of Publication on November 2, 2016 was filed [DE#20]; the notice or arrest and requirement to file a claim and serve an answer on or before November 23, 2016 was properly published in accordance with Local Admiralty Rule C(2) and was in all respects proper.

5. Service of process was properly made on Defendant Matthew Scott Griffin on November 8, 2016 [DE#18].

6. Service of process was properly made on Defendant KB Marine, LLC on November 8, 2016 [DE#19].

7. At the time of the arrest of the Vessel, there was no master aboard; instead, she had been peacefully repossessed by/for Plaintiffs and she was ashore at 10375 Royster Road, Navassa, North Carolina 28451, being the facility known as Cape Fear Boatworks, Inc. (see [DE#1, para. 16, and DE#17]), which is the substitute custodian of the Vessel [DE#14] and only other person or entity who has not appeared and might be said to have an interest in the Vessel; the President of Cape Fear Boatworks, Inc., Samuel Long, Jr., was present at the arrest and has received notice of and is well aware of this action and the arrest in conjunction with his/its duties as substitute custodian and otherwise (see Affidavit of Samuel Long, Jr. attached as Exhibit "A" to DE#22); any notice required to be given to Cape Fear Boatworks, Inc. was proper.

8. A General Index on Abstract of Title from the United States Coast Guard National Vessel Documentation Center for the Vessel (attached as Exhibit "B" to DE#22) demonstrates that Plaintiffs have a first preferred ships mortgage and that there are no others who appear to have a recorded interest in the Vessel who have not been served with requisite notice (Owner (Defendant KB Marine, LLC) and co-debtor (Matthew Scott Griffin) have proper notice.)

9. The Vessel is not subject to the Foreign Sovereign Immunities Act.

10. Notice of the action and arrest required by Supplemental Rule C(4) and Local Admiralty Rules C(2) and (3) was properly made on all of those believed or alleged to have an interest, recorded or otherwise, in the *in rem* Defendant Vessel.

11. Plaintiffs properly provided and served all notices including that of the action and arrest.

12. Despite proper service, no claim or answer has been served or filed within the prescribed time.

NOW, THEREFORE, pursuant to F.R.Civ.P. 55, Rule C(5) of the Supplemental Rules for Admiralty or Maritime Claims, and Local Admiralty Rule C(4), the Court enters defaults (a) in the action *in rem*, against all persons, including Defendants, and (b) in the action *in personam*, against the *in personam* Defendants.

This the 14th day of December, 2016.

_____
Julie Richards Johnston
Clerk of Court